UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUG LONGHINI,

    Plaintiff,

v.

COQUINA STATION LLC D/B/A COQUINA
PLAZA, M-WAY, INC. D/B/A SUBWAY,
SAKURA RAMEN LLC D/B/A SAKURA
RAMEN and BLUE GINGER SUSHI
RESTAURANT LLC D/B/A BLUE GINGER,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues COQUINA STATION LLC D/B/A COQUINA PLAZA, M-WAY, INC. D/B/A SUBWAY, SAKURA RAMEN LLC D/B/A SAKURA RAMEN and BLUE GINGER SUSHI RESTAURANT LLC D/B/A BLUE GINGER, (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202,

1

and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, COQUINA STATION LLC, owned and operated a commercial shopping plaza at 15701-15801 Sheridan Street, Southwest Ranches, Florida 33331 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

6. At all times material, Defendant, COQUINA STATION LLC, was and is a Foreign Limited Liability Company, organized under the laws of Delaware with its principal place of business in Cincinnati, Florida. Defendant, COQUINA STATION LLC, holds itself out to the public as "Coquina Plaza."

7. At all times material, Defendant, M-WAY, INC., owned and operated a commercial restaurant at 15701 Sheridan Street, Unit A, Southwest Ranches, Florida 33331[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

8. At all times material, Defendant, M-WAY, INC., was and is a Florida for-profit Corporation, organized under the laws of Florida with its principal place of business in Southwest Ranches, Florida. Defendant, M-WAY, INC., holds itself out to the public as "Subway."

9. At all times material, Defendant, SAKURA RAMEN LLC, owned and operated a commercial restaurant at 15771 Sheridan Street, Southwest Ranches, Florida 33331[2]

---

[1] This address is located within the Defendant's, COQUINA STATION LLC, shopping center located at 15701-15801 Sheridan Street, Southwest Ranches, Florida 33331.
[2] This address is located within the Defendant's, COQUINA STATION LLC, shopping center located at 15701-15801 Sheridan Street, Southwest Ranches, Florida 33331.

2

(hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

10. At all times material, Defendant, SAKURA RAMEN LLC, was and is a Florida Limited Liability Company, organized under the laws of Florida with its principal place of business in Southwest Ranches, Florida. Defendant, SAKURA RAMEN LLC, holds itself out to the public as "Sakura Ramen."

11. At all times material, Defendant, BLUE GINGER SUSHI RESTAURANT LLC, owned and operated a commercial restaurant at 15791 Sheridan Street, Southwest Ranches, Florida 33331[3] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

12. At all times material, Defendant, BLUE GINGER SUSHI RESTAURANT LLC, was and is a Florida Limited Liability Company, organized under the laws of Florida with its principal place of business in Davie, Florida. Defendant, BLUE GINGER SUSHI RESTAURANT LLC, holds itself out to the public as "Blue Ginger."

13. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Broward County, Florida, Defendants regularly conduct business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

FACTUAL ALLEGATIONS

14. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facility accessible to individuals with disabilities.

15. Congress provided commercial businesses one and a half years to implement the

---

[3] This address is located within the Defendant's, COQUINA STATION LLC, shopping center located at 15701-15801 Sheridan Street, Southwest Ranches, Florida 33331.

3

Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the business therein.

16. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

17. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

18. Defendant, COQUINA STATION LLC, owns, operates and/or oversees the Commercial Property, its general parking lot and parking spots specific to the business therein.

19. Defendants, M-WAY, INC., SAKURA RAMEN LLC and BLUE GINGER SUSHI RESTAURANT LLC, own, operate and/or oversee their respective businesses within the Commercial Property, located in Broward County, Florida that is the subject of this Action.

20. The subject Commercial Property is open to the public and is located in Southwest Ranches, Florida. The individual Plaintiff visits the Commercial Property, to include a visit to the Commercial Property and businesses located within the Commercial Property on or about August 26, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and

services offered there, and because it is approximately twenty-seven (27) miles from his residence, and is in the same county as his friends' residences, which reside in Hollywood and Hallandale Beach, Florida, as well as other businesses and restaurants he frequents as a patron. He plans to return to the Defendant's Commercial Property within two (2) months from the date of the filing of this Complaint.

21.     The Plaintiff, DOUG LONGHINI, found the Commercial Property and the businesses within to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

22.     The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property. The barriers to access at Defendants' Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

23.     Defendants, COQUINA STATION LLC, M-WAY, INC., SAKURA RAMEN LLC and BLUE GINGER SUSHI RESTAURANT LLC, own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, COQUINA STATION LLC, M-WAY, INC., SAKURA RAMEN LLC and BLUE GINGER SUSHI RESTAURANT LLC, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, COQUINA STATION LLC, M-WAY, INC., SAKURA RAMEN LLC and BLUE GINGER SUSHI RESTAURANT LLC, own and operate is the Commercial Property Business located at

15701-15801 Sheridan Street, Southwest Ranches, Florida 33331.

24. Defendant, COQUINA STATION LLC, as landlord and owner of the Commercial Property, is responsible for all ADA violations listed in this Complaint.

25. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property and the businesses within, but to assure himself that the Commercial Property and the businesses within are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property and the business therein, without fear of discrimination.

26. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I - ADA VIOLATIONS
## AS TO COQUINA STATION LLC

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

28. Defendant, COQUINA STATION LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his

visit to the Commercial Property and the businesses within, include but are not limited to, the following:

A. <u>Parking</u>

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty accessing the facility, as there are designated accessible parking spaces located too far from an accessible route to the facility. Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility.

        These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

iii.    The Plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II - ADA VIOLATIONS
## AS TO COQUINA STATION LLC and M-WAYS, INC.

29.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

30.    Defendants, COQUINA STATION LLC and M-WAYS, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within, include but are not limited

to, the following:

A. <u>Public Restrooms</u>

i. The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not use the lavatory without assistance, as objects are located underneath it. Violation: There are lavatories in public restrooms without the required knee/toe clearances provided, violating the requirements in Section 4.19.2 of the ADAAG, 28 CFR 36.211, and Sections 306 & 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi.    The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.    The Plaintiff had difficulty traversing the path of travel, as there are wide openings on ground surfaces. Violation: There are inaccessible routes with openings more than ½". These are violations of the requirements in Section 4.5.4 of the ADAAG and Section 302.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III - ADA VIOLATIONS**
**AS TO COQUINA STATION LLC and SAKURA RAMEN, LLC**

31.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

32.    Defendants, COQUINA STATION LLC and SAKURA RAMEN, LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Public Restrooms

    i.    The Plaintiff had difficulty using the doorknob and locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not use the soap dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff could not flush the toilet without assistance, as the flush valve is not

        mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.    The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT IV - ADA VIOLATIONS**
**AS TO COQUINA STATION LLC and BLUE GINGER SUSHI RESTAURANT, LLC**

33.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

34.    Defendants, COQUINA STATION LLC and SAKURA RAMEN, LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A.  <u>Access to Goods and Services</u>

i.    The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA

    Standards, whose resolution is readily achievable.

  B. <u>Public Restrooms</u>

i.  The Plaintiff could not use the lavatory outside the accessible toilet compartment without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories in public restrooms without the required clearances provided outside the accessible toilet compartment, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 213.3.4, 306, and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to

          the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

   vi.     The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

   vii.    The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

   viii.   The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

35.     The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants places of public accommodation in order to photograph and measure all of the discriminatory act's violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the

barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the Commercial; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

36. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the businesses within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

37. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services,

programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

38. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

39. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

40. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

41. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their business, located within the Defendant's Commercial Property located in Broward County, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LOGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and Title II the Americans with Disabilities Act, 42 U.S.C. § 12131; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act.

Dated: October 21, 2022

        **GARCIA-MENOCAL & PEREZ, P.L.**
        *Attorneys for Plaintiff*
        4937 S.W. 74th Court
        Miami, Florida 33155
        Telephone: (305) 553-3464
        Facsimile: (305) 553-3031
        Primary E-Mail: ajperez@lawgmp.com
        Secondary E-Mails: bvirues@lawgmp.com
        dperaza@lawgmp.com

        By:   /s/ Anthony J. Perez
              ANTHONY J. PEREZ
              Florida Bar No.: 535451
              BEVERLY VIRUES
              Florida Bar No.: 123713